IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| GERARDO BECERRIL, : | |
| P. O. Box 4647 : | |
| Bethlehem, PA, 18018 : | |
| Plaintiff : | CIVIL ACTION NO. 08-CV- |
| : | |
| -v- : | |
| : | |
| MICHAEL MANCINI : | JURY TRIAL DEMANDED |
| Allentown Police Department : | |
| Allentown, PA, 18101 : | |
| (individually and in his official capacity) : | |
| : | |
| MATT KARNISH, : | |
| Allentown Police Department : | |
| Allentown, PA, 18101 : | |
| (individually and in his official capacity) : | |
| : | |
| CITY OF ALLENTOWN : | |
| 435 Hamilton Street : | |
| Allentown, PA 18101 : | |
| Defendants. : | |

COMPLAINT

Plaintiff brings this suit to recover for federal constitutional and statutory violations, as follows:

PARTIES

1.  Plaintiff Gerardo Becerril is a resident of Bethlehem in the Commonwealth of Pennsylvania.

2.  Defendant Michael Mancini was at all relevant times a police officer with the City of Allentown Police Department. He is sued in his individual and official capacities.

3.  Defendant Matt Karnish was at all relevant times a police officer with the City of Allentown Police Department. He is sued in his individual and official capacities.

4. Defendant City of Allentown is a municipality in Lehigh County, Pennsylvania.

## JURISDICTION AND VENUE

5. Jurisdiction in this Court is asserted under the provisions of 28 U.S.C. §1331 and §1343. This action arises under the provisions of the Civil Rights Act of 1866, as amended 42 U.S.C. §1983.

6. Venue is appropriately laid in this Court pursuant to 28 U.S.C. 1391(b) in that the actions complained of took place within the District and the Plaintiff and Defendants have carried on business within the District.

## FACTUAL ALLEGATIONS ON THE MERITS

7. On March 1, 2006, Defendants unreasonably searched and seized Mr. Becerril in violation of his rights under the Fourth Amendment to the United States Constitution.

8. While Mr. Becerril was talking on his cell phone near the intersection of Fifth and Turner Streets in the City of Allentown, Officer Mancini stopped him, searched him, and released him.

9. Mr. Becerril objected to Officer Mancini's actions and complained that Officer Mancini was violating his constitutional rights..

10. Officer Mancini later observed Mr. Becerril enter a residential building 212 North Sixth Street in the City of Allentown.

11. A resident of the apartment building had unlocked the front door of the building (using a buzzer system) giving Mr. Becerril permission to enter the building.

12. A maintenance employee thereafter unlocked the front door to allow Officers Mancini and Karnish into the building.

13. The officers confronted Mr. Becerril inside the building.

14. Officer Karnish ordered Mr. Becerril to turn and face the wall.

15. Mr. Becerril did as ordered.

16. Officer Karnish handcuffed Mr. Becerril and made him kneel.

17. The officers placed Mr. Becerril under arrest.

18. The officers conducted a search of Mr. Becerril.

19. The officers did not, at any time, make any inquiry into how Mr. Becerril had gained entry into the building.

20. The officers charged Mr. Becerril with possession of drug paraphernalia (35 P.S. § 780-113(a)(32) and summary defiant trespass (18 Pa.C.S. 3503(b)(1)(ii)).

21. The officers premised the possession of drug paraphernalia charge on their alleged discovery of a metal spoon and a glass pipe during their post-arrest search of Mr. Becerril.

22. Defendants subjected Mr. Becerril to an unreasonable seizure, arresting him without probable cause.

23. Defendants did not have a warrant to arrest Mr. Becerril.

24. Defendants did not have probable cause that Mr. Becerril committed the summary offense of defiant trespass.

25. According to 18 Pa.C.S.A. §3503(b)(1)(ii), a person commits a defiant trespass if "knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by ... posting in a manner prescribed by law or reasonably likely to come to the attention of intruders..."

26. Before making the arrest, the officers did not possess sufficient facts which demonstrated that Mr. Becerril knew he was not licensed or privileged to enter the building.

27. The officers did not ascertain how Mr. Becerril gained entry to the building.

28. They did not investigate, in any fashion, whether a tenant let Mr. Becerril into the building through the buzzer device.

29. As Judge Ford of the Lehigh County Court of Common Pleas found, "because the officers had insufficient facts to support their conclusion that the defendant was in the apartment building illegally, it was improper to arrest the defendant for defiant trespass.  Were we to rule otherwise, we would subject anyone found by police beyond a no trespassing sign in a building, whether the person is legitimately in the building or not, to a defiant trespass arrest and consequent search."

30. As the officers' arrest of Mr. Becerril was unreasonable and improper under the Fourth Amendment, so was their search incident to such arrest.

31. Defendants have acted with malice and/or callous indifference toward Plaintiff's federal constitutional and statutory rights.

32. At all times during the events described above each of the Defendant officers agreed with and assisted each of the other officers in performing the various actions described and lent their support and the authority of their office to each other during said events.

33. Defendants each advised, assisted, ratified and/or directed the actions taken against Mr. Becerril.

34. Each of the Defendant officers played a substantial role and provided input which affected the adverse actions against Plaintiff.

35. Defendants acted with malice and/or deliberate indifference toward Plaintiff and his federal rights.

36. Defendants violated the Plaintiff's clearly established and well settled federal constitutional rights, including but not limited to the right to liberty, personal security, and the right to be free from unreasonable searches and seizures.

37. Plaintiff's constitutional rights were clearly established at the time of Defendants' actions.

38. Defendant City of Allentown, with deliberate indifference, failed to adequately train, supervise and discipline its officers to prevent civil rights violations, and the injuries to Plaintiff were caused by, and were a foreseeable consequence of, such failures.

39. Defendant City of Allentown has, with deliberate indifference, failed to adequately train and supervise its officers concerning the proper use of search and seizure powers, and the injuries to Mr. Becerril were caused by, and were a foreseeable consequence of, such failures.

40. As a direct and proximate result of the Defendants' unlawful actions and inactions against Plaintiff, Plaintiff has suffered grievously and needlessly.

41. As a direct and proximate result of the Defendants' actions and inactions as alleged, Plaintiff has suffered, among other injuries, the loss of liberty and extreme emotional distress.

## COUNT I - 42 U.S.C. § 1983 - UNREASONABLE SEARCHES AND SEIZURES
## VIOLATION OF FOURTH AMENDMENT RIGHTS
## GERARDO BECERRIL v. OFFICERS MANCINI & KARNISH

42. The allegations of all the preceding and subsequent sections and paragraphs of this Complaint are realleged herein as if fully set forth.

43. Defendant Officers, acting in concert under color of law, denied Plaintiff his rights under the Fourth Amendment to the United States Constitution, including his right to be free from unreasonable searches and seizures, in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1983.

44. As a direct and proximate result, Plaintiff was injured as stated herein.

## COUNT II - 42 U.S.C. § 1983 - RETALIATION FOR PROTECTED SPEECH
## VIOLATION OF FIRST AMENDMENT RIGHTS
## GERARDO BECERRIL v. OFFICERS MANCINI & KARNISH

45. The allegations of all the preceding and subsequent sections and paragraphs of this Complaint are realleged herein as if fully set forth.

46. Defendant Officers retaliated against Mr. Becerril for objecting to Officer Mancini's earlier actions in stopping and searching him, which Mr. Becerril identified as a violation of his constitutional rights.

47. Defendant Officers, acting in concert under color of law, denied Plaintiff his rights under the First Amendment to the United States Constitution, including his right to be free from retaliation for engaging in protected speech, in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1983.

48. As a direct and proximate result, Plaintiff was injured as stated herein.

## COUNT III - VIOLATION OF 42 U.S.C. § 1983
## GERARDO BECERRIL v. CITY OF ALLENTOWN

49.     The allegations of all the preceding and subsequent sections and paragraphs of this Complaint are realleged herein as if fully set forth.

50.     The actions of the officials of City of Allentown at issue herein represented and constituted the official policy and/or customs of City of Allentown.

51.     As reflected in the actions taken against Mr. Becerril, it was the policy, practice and/or custom of City of Allentown to carry out unreasonable searches and seizures against people within the City.

52.     Prior to the events described herein, City of Allentown developed and maintained policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of persons within the City, which caused the violation of Plaintiff's rights.

53.     It was the policy and/or custom of City of Allentown to inadequately and improperly investigate citizen complaints of constitutional violations by City officials, and such violations were instead tolerated by the City.

54.     It was the policy, practice and/or custom of City of Allentown to inadequately supervise and train its officials, including those identified herein, thereby failing to adequately prevent and discourage further civil rights violations on the part of its officials.

55.     The City did not require appropriate in-service training or re-training of officials who were known to have engaged in civil rights violations.

56.     As a result of the policies, practices and/or customs of the City, including those identified above, City officials, including those named herein, believed that their unconstitutional and unlawful actions would not be investigated or censured, but would be tolerated.

57.     The City's policies, practices and customs demonstrate a deliberate indifference to the constitutional rights of persons within the City, and were the cause of the violations of Plaintiff's rights as alleged herein.

58.     As a direct and proximate result, Plaintiff was injured as stated herein.

## REQUESTED RELIEF

WHEREFORE, Plaintiff requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff has suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, discrimination, and otherwise wrongful conduct and award the following relief, as appropriate:

(a) a declaration that Defendants have violated Plaintiff's civil rights;

(b) compensatory damages in excess of $150,000;

(c) prejudgment interest, attorneys' fees and costs;

(d) punitive damages against the individual defendants in their individual capacities;

(e) such other legal and equitable relief as the Court deems just and proper.

JURY TRIAL DEMANDED

Date:

JORDAN B. YEAGER
Attorney I.D. No. 72947
BOOCKVAR & YEAGER
8 West Oakland Avenue
Doylestown, PA 18901
Tel:  215-345-8581
Fax:  215-345-8280
Email: jordan@bylawyers.com

COUNSEL FOR PLAINTIFF