IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERARDO BECERRIL, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 08-1042 |
| | : | |
| MICHAEL MANCINI, et al., | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                            **August 14, 2008**

Defendants in this § 1983 case, alleging violations of plaintiff's first and fourth amendment rights, have filed a motion to dismiss certain of plaintiff's claims pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6). Based on the following discussion, I will grant defendants' motion, in part, and deny it, in part. Plaintiff will be granted leave to amend the complaint in accordance with this opinion.

**I.    BACKGROUND**[1]

On March 1, 2006, plaintiff was on his cell phone near the intersection of Fifth and Turner Streets in the City of Allentown. Officer Mancini, sued in his individual and official capacity, stopped Becerril, searched him, and released him. Officer Mancini later observed Mr. Becerril enter a residential building at 212 N. Sixth Street in Allentown. A resident of the building gave Mr. Becerril permission to enter the building. A maintenance employee of the building let Officers Mancini and Karnish into the building

---

[1] I have accepted as true the allegations of the Complaint.

1

through the front door.  The officers confronted Mr. Becerril and arrested him for trespassing.  They searched his person incident to the arrest and allegedly discovered a metal spoon and a glass pipe.

Judge Ford of the Lehigh County, Pennsylvania Court of Common Pleas found that the arrest for trespassing was not supported by probable cause, and that the search incident to arrest was unreasonable and improper under the Fourth Amendment.  Plaintiff then filed this suit for alleged violations of 42 U.S.C. § 1983.  Counts I and II assert causes of action under the first and fourth amendments against Mancini and Karnish, individually and in their official capacities.  Count III asserts a claim of municipal liability against the City of Allentown.  Defendants have moved to dismiss plaintiff's claim against Allentown for failure to allege a predicate policy, custom or practice under Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978), and his claims against Mancini and Karnish in their official capacities as redundant of plaintiff's claims against Allentown.  Defendants have not challenged plaintiff's claims against Mancini and Karnish in their individual capacities.

## II.     LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept the complaint's allegations as true and draw all reasonable inferences in the plaintiff's favor.  Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1164-65 (3d Cir. 1987).

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." The rule is designed to screen out cases where "a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted." Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-12 (3d Cir. 1999).

A complaint should not be dismissed on a 12(b)(6) motion if the claim is adequately stated and if the factual allegations raise a right to relief "above the speculative level." Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955, 1965 (2007). "A well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely." Id. (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (internal quotations omitted). However, "stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element." Id. To state a claim, Federal Rule of Civil Procedure 8(a)(1) "requires not merely a short and plain statement, but instead mandates a statement showing that the pleader is entitled to relief." Phillips v. County of Allegheny, et al., 515 F.3d 224, 234 (3d Cir. 2008). A formulaic recitation of the elements of a cause of action will not suffice. "[T]here must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. The issue, therefore, is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer further evidence to support its claims. Scheuer, 416 U.S.

at 236; see also Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

In a 12(b)(6) motion, courts generally consider the allegations contained in the complaint, exhibits attached to the complaint, and public records of which the court may take judicial notice. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

**III.   DISCUSSION**

A.   City of Allentown: *Monell* Claim

Defendants argue that plaintiff's claim against the City of Allentown must be dismissed under Monell. See 436 U.S. at 694. A municipality can only be liable under § 1983 if the alleged injury is permitted under a specific policy or custom. Id. To state a § 1983 claim against a municipality, plaintiff must: (1) identify a policy or custom that deprived him of a federally protected right, (2) demonstrate that the municipality, by its deliberate conduct, acted as the "moving force" behind the alleged deprivation, and (3) establish a direct causal link between the policy or custom and the plaintiff's injury. Bd. of County Comm'rs v. Brown, 520 U.S. 397, 404 (1997). This threshold to municipal liability may be proved with evidence of knowledge and acquiescence by the relevant municipal entity. See Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996). Another avenue of proof is to present a "failure to train" case, where liability attaches if the failure "amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989).

4

In his Complaint, plaintiff alleges the following in support of Count III:

(1) "[A]s reflected in the actions taken against Mr. Becerril, it was the policy, practice and/or custom of the City of Allentown to carry out unreasonable searches and seizures against people within the City." (Compl. ¶ 51.)
(2) "[T]he City of Allentown developed and maintained policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of persons within the City, which caused the violation of Plaintiff's rights." (Id. ¶ 52.)
(3) "[I]t was the policy and/or custom of City of Allentown to inadequately and improperly investigate citizen complaints of constitutional violations by City officials, and such violations were instead tolerated by the City." (Id. ¶ 53.)
(4) "[I]t was the policy, practice and/or custom of City of Allentown to inadequately supervise and train its officials" and "the City did not require appropriate in-service training or re-training of officials who were known to have engaged in civil rights violations." (Id. ¶¶ 54-55.)
(5) "[A]s a result of the policies, practices and/or customs of the City, . . . City officials . . . believed that their unconstitutional and unlawful actions would not be investigated or censured, but would be tolerated" and "the City's policies, practices and custom . . . were the cause of the violations of Plaintiff's rights." (Id. ¶¶ 56-58.)

As the Third Circuit recently discussed in Phillips, the factual showing required to provide defendants with sufficient notice under Rule 8 depends on the context of the dispute at hand. Phillips, 515 F.3d at 233 (citing Twombly, 127 S. Ct. At 1964)). To require overly specific facts concerning a policy operating within the Allentown police department places a hefty burden on a plaintiff in a civil rights case challenging police conduct. The Supreme Court has acknowledged this dilemma under similar circumstances:

> It is certainly not uncommon for victims of civil rights violations . . . to be unaware of the identity of the person or persons who violated those rights. This information is in the possession of the defendants, and many plaintiffs

5

>cannot obtain this information until they have had a chance to undergo extensive discovery following institution of a civil action.

Singletary v. Pennsylvania Dept. of Corrections, 266 F.3d 186 (3d Cir. 2001) (discussing application of constructive notice doctrine for the purpose of relating back amendments to complaints in the Rule 15(c) context).

Nevertheless, plaintiffs cannot state a cause of action under § 1983 simply by reciting the elements of a Monell claim, with no facts specific to the purported policy or custom of the Allentown police department with respect to searches and seizures. See, e.g., Bd. of County Comm'rs v. Brown, 520 U.S. at 403-04 (limiting municipal liability to identifiable policies in order to ensure that municipalities are only liable for "deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality"); Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell.")  As I concluded under similar circumstances in Torres v. City of Allentown, 07-1934, 2008 U.S. Dist. Lexis 50522, at *12-14 (E.D. Pa. Jun. 30, 2008), without "specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom endorsing the police officers' conduct," plaintiff's complaint fails to state a § 1983 claim against the City of Allentown.

I will therefore grant the motion to dismiss as to Count III without prejudice.  Mr. Becerril shall have twenty (20) days to plead specific facts supporting (1) a specific policy

or custom; (2) a direct causal like between that policy or custom and the harm alleged; and (3) the City of Allentown's deliberate indifference regarding it failure to train police officers.  Id.

B.     Officers Mancini and Karnish

At this time I will decline to rule on defendants' further request that I dismiss plaintiff's claims against Mancini and Karnish in their official capacities as "redundant" of his claims against the City.  Upon filing of plaintiff's Amended Complaint, defendants will be given leave to raise the argument anew, if necessary.

**IV.    CONCLUSION**

Based on the foregoing, I will grant defendants' Rule 12(b)(6) motion as to the municipal liability claim against the City of Allentown, dismissing Count III without prejudice.  Plaintiff shall have twenty (20) days to amend his complaint.  Defendants' request that I strike plaintiff's claims against Michael Mancini and Matt Karnish in their official capacities is denied without prejudice.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERARDO BECERRIL,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 08-1042 |
| | : | |
| **MICHAEL MANCINI, et al.,** | : | |
| Defendants | : | |

**O R D E R**

**STENGEL, J.**

**AND NOW**, this 14th day of August, 2008, upon consideration of defendants' Motion to Dismiss (Document #11), and plaintiff's response thereto, it is hereby **ORDERED** that the motion is **GRANTED, in part, and DENIED, in part** as follows:

(1) Defendants' motion to dismiss Count III is **GRANTED**, and Count III is **DISMISSED WITHOUT PREJUDICE**.

(2) Plaintiff shall have twenty (20) days from the date of this Order to file an Amended Complaint containing a proper factual basis for his claim against the City of Allentown.

(3) Defendants' motion to dismiss Counts I and II, as against Officers Mancini and Karnish in their official capacities, is **DENIED WITHOUT PREJUDICE**.

BY THE COURT:


 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.